UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAREK LATHAN,

     Plaintiff,                  Civil Action No.: 19-00147
                               Honorable George Caram Steeh
v                               Magistrate Judge Elizabeth A. Stafford

JAMES G. CARR, et al.

     Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
<u>MOTION TO DISMISS [ECF NO. 12]</u>**

## I.    INTRODUCTION

Plaintiff Darek Lathan, a federal pretrial detainee, brings this civil

rights action against Defendants U.S. District Court Judges James G. Carr,

Jeffrey J. Helmick and Jack Zouhary, U.S. Magistrate Judge James Knepp

II (judicial defendants) and Assistant U.S. Attorney Tracey Ballard

Tangeman.  Lathan sued defendants in their individual capacities, seeking

money damages and injunctive relief for false imprisonment and violation of

his rights under the Eighth and Fourteenth Amendments.  [ECF No. 1; ECF

No. 23].  Lathan's complaint, originally filed in the Lucas County Court of

Common Pleas, was removed by defendants to the U.S. District Court for

the Northern District of Ohio.  [ECF No. 1-1].  After the Northern District of

Ohio issued an order of recusal, the Sixth Circuit assigned the case to a district judge from this district, the Honorable George Caram Steeh.  [ECF No. 3; ECF No. 6].  Judge Steeh referred all pretrial matters to the undersigned under 28 U.S.C. § 636(b)(1).  [ECF No. 16].

Defendants move to dismiss Lathan's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks subject-matter jurisdiction over Lathan's claims and that his complaint fails to state a claim upon which relief may be granted.  [ECF No. 12].  The Court agrees and **RECOMMENDS** that the defendants' motion be **GRANTED**.

## II. BACKGROUND

Lathan has been in federal custody since he was detained in February 2018 following an indictment on firearm charges.  *See United States v. Lathan*, 3:18-cr-67 (N.D.Ohio Feb. 7, 2018).  His complaint alleges that defendants wrongfully caused his incarceration and denied him due process after failing to force ATF agents to relinquish exculpatory evidence.  [ECF No. 1-1, PageID.7].

## III.   ANALYSIS

### A.

Defendants argue that Lathan's claims should be dismissed for want of subject matter jurisdiction under Federal Rule of Civil Procedure

2

12(b)(1).  Subject-matter jurisdiction is a threshold issue that must be addressed before the merits.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).  "Federal courts lack subject-matter jurisdiction when an asserted federal claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009) (quoting *Steel*, 523 U.S. at 89 (internal quotations omitted).  "[T]he test is whether the cause of action alleged *is so patently without merit* as to justify the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Environmental Study Grp.*, 438 U.S. 59, 70 (1978)) (internal citation and quotation marks omitted) (emphasis in original)).  *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n. 10 (2006) (no federal question jurisdiction exists over a claim that is wholly insubstantial and frivolous).

The Ninth Circuit case, *Hinz v. Torres*, is instructive here.  985 F.2d 573 (9th Cir. 1993).  In that case, the court ruled that claims seeking monetary damages against immune judicial and prosecutorial defendants on fundamentally weak legal claims were "wholly insubstantial" because they were "foreclosed by prior decisions," and were thus properly dismissed for lack of subject matter jurisdiction.  *Id*.  For the reasons developed more

3

fully below, Lathan's claims are likewise so patently without merit, warranting dismissal for lack of subject matter jurisdiction.

## B.

Lathan's claims against the judicial defendants are barred by judicial immunity and wholly without merit.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).  "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions."  *Brookings*, 389 F.3d at 617-18 (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)).  Judicial immunity does not apply if the judge's actions were not "judicial" in nature or if they were performed with no jurisdiction to do so.  *Id.*  (citing *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978)).

In *Stump*, the Supreme Court established a two-prong test to determine whether an act is "judicial."  *Stump*, 435 U.S. at 362.  First, the court must determine if the contested action is a function that is "normally performed by a judge."  *Id.*  Second, "the court must assess whether the parties dealt with the judge in his or her judicial capacity."  *Brookings*, 389 F.3d at 617-18 (citing *Stump*, 435 U.S. at 362).  Courts have recognized certain "paradigmatic judicial acts" that satisfy the first prong.  *Id.*  Of the judicial defendants, Lathan complains mostly about Judge Carr.  [ECF No.

4

1-1, PageID.6-10]. Lathan says that Judge Carr unlawfully restrained him, abused his discretion by ordering Lathan to undergo a competency examination, refused to disqualify himself and failed to grant Lathan's motions to compel and to dismiss. [*Id*; *see also Lathan*, 3:18-cr-67, ECF Nos. 10, 34-35, 39, 53-54, 56]. These are all paradigmatic judicial acts that Judge Carr performed in his capacity as a judicial officer. *King v. McCree*, 573 F. App'x 430, 439-40 (6th Cir. 2014) (because judge "performed acts normally performed by judges and because he did so in his capacity as a state circuit court judge, his acts were 'judicial'").

Lathan's claims against the other judicial defendants are that they failed to take measures to initiate disciplinary actions against Judge Carr. [ECF No. 1-1, PageID.1-1, PageID.10-11]. These claims are patently without merit, wholly insubstantial and frivolous, and thus do not support federal question jurisdiction. *Duke Power Co.*, 438 U.S. at 70 (1978); *Arbaugh*, 546 U.S. at 513 n.10. And Lathan appears to suggest that the other judges should have interceded on his behalf because of their status as judges of the same court as Judge Carr. So Lathan does not allege that they did anything outside of their judicial capacity. *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir.1997) (a judge acts without jurisdiction "only when the matter upon which he acts is clearly outside the subject matter of the

5

court over which he presides.").

In sum, the judicial defendants are absolutely immune from any civil liability to Lathan and his claims are so wholly insubstantial that they do not confer subject matter jurisdiction on this Court.

**C.**

Similarly, Lathan's claims against Tangeman are barred by prosecutorial immunity.  *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010).  Lathan's assertions against Tangeman relate to her alleged failure to assist in the relinquishment of all exculpatory evidence against Lathan.  [ECF No. 1-1]. But "prosecutors have absolute immunity from civil liability for the non-disclosure of exculpatory information."  *Koubriti*, 593 F.3d at 467.  Since Tangman has absolute immunity, Lathan's claim against her is also wholly insubstantial and cannot provide the basis for subject matter jurisdiction in this Court.

**D.**

Even if Lathan's claims were not so frivolous as to deprive the Court of subject matter jurisdiction, they should still be dismissed under Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)

tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Lathan has failed to plead a plausible claim for relief because absolute immunity precludes a civil action against any of the named defendants.  *See Brookings,* 389 F.3d at 617 (absolute immunity provides grounds for dismissal under Rule 12(b)(6)); *see also, Talbot v. Connors*, CV 15-12393, 2016 WL 11475234, at *2 (E.D. Mich. Jan. 12, 2016), *adopted*, 2016 WL 369688 (E.D. Mich. Feb. 1, 2016).[1]

---

[1] Defendants also argue that Lathan's claims should be dismissed because *Bivens* actions filed by pretrial detainees are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  But the Supreme Court specifically overruled the cases applying *Heck* to bar claims filed before a conviction, finding instead that civil actions relating "to rulings likely to be made in a pending…criminal trial" should be stayed until the criminal case has ended. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).  "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal…"  *Id.* at 394.

## IV.    CONCLUSION

Defendants' motion should be **GRANTED** and Lathan's complaint

should be **DISMISSED**.[2]

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 19, 2019

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of*

---

[2] Should Judge Steeh adopt this recommendation, other pending motions
would be rendered moot.  [*See* ECF No. 4-5, 7, 9-10, 17, 20, 22-23, 25-26,
29].

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 19, 2019.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager